**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4-14-cr-00031-TWP-VTW |
| | ) | |
| CARLOS ENRIQUE FREIRE-PIFFERRER, | ) | 01 |
| JUAN PEREZ-GONZALEZ, | ) | 02 |
| EDUARDO HERNANDEZ, | ) | 03 |
| MARIO HERNANDEZ-OQUENDO, | ) | 04 |
| YOEL PALENZUELA-MENDEZ | ) | 05 |
| ORLIS MACHADO-CANTILLO, | ) | 06 |
| MIGUEL MOMPIE, | ) | 07 |
| RITZY ROBERT-MONTANER, | ) | 08 |
| ROBERTO SANTOS-GONZALEZ, and | ) | 09 |
| CARLOS MENDEZ-ROSA, | ) | 10 |
| | ) | |
| Defendants. | ) | |

## SPECIFIC FINDINGS ON ORDER GRANTING CONTINUANCE

On September 9, 2015 this matter was before the Court on Defendant Miguel Mompie's ("Mr. Mompie") Unopposed Motion for Continuance of the September 28, 2015 trial date (Filing No. 218).   The Government and eight of the Co-Defendants had no objection to Mr. Mompie's request for continuance. Attorney Brendon J. McLeod, on behalf of Defendant Carlos Enrique Freire-Pifferrer objected to a continuance. The Court, having considered the motion and argument of counsel, found that the ends of justice are served by the continuation of the trial date and **GRANTED** the Motion for Continuance (Filing No. 265).

In determining whether the ends of justice are served by the continuation of a trial date outweigh the best interests of the public and a Defendant to a speedy trial, the Court must make specific findings as required by 18 U.S.C. § 3161(h)(7)(A).  *Zedner v. United States*, 547 U.S. 489, 508-09 (2006) ("This provision demands on-the-record findings and specifies in some detail

certain factors that a judge must consider in making those findings.").

## SPECIFIC FINDINGS

In this case, ten defendants have been charged as co-conspirators in a twenty-three count Second Superseding Indictment returned on July 29, 2015. All of the Defendants are alleged to have conspired to defraud the United States through the possession and shipment of goods valued in excess of $1,000.00 stolen in interstate shipments. Defendant Carlos Mendez-Rosa has not yet been apprehended. Mr. Mompie requested a continuance of the trial date because the electronic and printed discovery materials received thus far is voluminous and counsel needs an opportunity to review these materials with his client in advance of any final pretrial conference and/or trial. Further, additional discovery is outstanding and because the Government has chosen to try these defendants in a single case, the allegations made against and between each defendant must be individually analyzed and understood. Only one Defendant, Carlos Enrique Freire-Pifferrer, has raised an objection to a continuance of the September 28, 2015 trial date. Mr. Freire-Pifferrer asserts that he believes the Government has delayed the distribution of discovery and states that he "objects for the record".

The Government reports that it is working diligently to prepare the discovery materials in this case which includes an on-going project to translate and transcribe numerous recordings made in Spanish, during the course of their investigation. The Court accepts the Government's assertion of diligence.

The Court has previously declared this case to be complex (Filing No. 232).   The Speedy Trial Act provides that the Court may grant an "ends of justice" continuance when

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is

2

> unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

The Court finds that the Government's request for additional time to translate and prepare discovery and Mr. Mompie's and the other Co-Defendants' request to receive and review discovery is reasonable given the number of defendants charged and the nature of the prosecution and the complexity of the case. The Defendants are jointly charged and no motion for severance has been filed or granted. The Court finds that a reasonable period of delay in the September 28, 2015 trial date is both warranted and excludable from the speedy trial clock, and the risk of prejudice arising from such reasonable delay is outweighed by the economics of a single trial in which all facets of the crime, as to all indicted co-defendants, can be explored once and for all. 18 U.S.C. § 3161(h)(6); *United States v. Alviar,* 573 F.3d 526, 539 (7th Cir. 2009) (quoting *Zafiro v. United States,* 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh,* 481 U.S. 200, 209-10 (1987)) (internal citations omitted).  Further, "an excludable delay of one defendant may be excludable as to all co-defendants, absent severance." *United States v. Rollins*, 544 F.3d 820, 829 (7th Cir. 208).  Accordingly, over the objection of Defendant Freire-Pifferrer, the Motion for Continuance was granted. (Filing No. 265).

It is therefore, **ORDERED** that the trial as to Defendants Carlos Enrique Friere-Pifferrer, Juan Perez-Gonzalez, Eduardo Hernandez, Mario Hernandez-Oquendo, Yoel Palenzuela-Mendez, Orlis Machado-Cantillo, Miguel Mompie, Ritzy Robert-Montaner, and Roberto Santos-Gonzalez is **RESCHEDULED for MONDAY, MARCH 7, 2016.**  The delay resulting from the resetting of the trial date is hereby excluded from the period in which the Defendants must be brought to trial under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(c)(1) and 3161(h)(6) and (7) because

3

the ends of justice will be served by such action and outweigh the best interests of the public and the Defendants in a speedy trial.

It is further, **ORDERED** that the time from September 28, 2015 to the new trial setting be excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and 18 U.S.C. § 3161(c)(1).

**SO ORDERED.**

Date:   9/15/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov

Brendan McLeod
McLEOD LAW OFFICE
kycrimlaw@gmail.com

Jennifer H. Culotta
CULOTTA & CULOTTA LLP
jennifer@culottalaw.com

Daniel M. Alvarez
DANIEL M. ALVAREZ, PLLC
dmalvarez01@me.com

William Corrigan
CORRIGAN LAW, PLLC
will@corriganlawky.com

Logan Sims
lsims@logansimslaw.com

David S. Mejia
DAVID MEJIA LAW OFFICE
david@dmejialaw.com

Frank Campisano
CAMPISANO LAW OFFICE
frank@campisanolawoffice.com

Jonathan S. Ricketts
JONATHAN RICKETTS ATTORNEY AT LAW
jricketts@rickettslawoffices.com

James A. Earhart
attyearhart@aol.com

Joseph R. Eggert
ATTORNEY AT LAW
lstoll@600mainlaw.com

Patrick J. Renn
prenn@600westmain.com

4